944 F.2d 901
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth R. FOX, M.D., Plaintiff-Appellant,
v.
Richard D. NORTH, Jr., M.D., Defendant-Appellee.
 No. 90-1446.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1991.
Decided Sept. 13, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-89-1388-N)
 Robert Jeffrey Sher, Chevy Chase, Md., for appellant.
 Marie Nicoll Doland, Kurz, Koch & Doland, Washington, D.C., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth R. Fox appeals the district court's grant of summary judgment to Richard D. North in a breach of contract action. As there were no genuine issues of material fact in dispute, the judgment is affirmed. There are two issues presented on appeal: (1) whether the court erred in finding the relevant contract terms to be unambiguous; and (2) whether the court erred in its conclusion that North had a contractual right not to proceed.
 
 I.
 A.
 
 2
 The action below was a suit for breach of contract, arising from the sale of real and personal property associated with a medical practice. Drs. North and Fox signed an agreement detailing the terms of the transaction. Before the deal was consummated, North declined to proceed. After the issue was joined and certain discovery taken, North moved for summary judgment. North's contentions were twofold: first, that the agreement was not binding upon him; and second, even if binding, he properly exercised his right to withdraw. Rejecting the former and accepting the latter claim, the court granted North's motion and entered judgment for him. Fox appealed.
 
 B.
 
 3
 Fox, an ophthalmologist, sought to sell the assets of his practice and the premises in which it was located. North contacted Fox, began negotiations, and directed his attorney to prepare a letter of intent. After Fox received this document, he redrafted it, signed it and submitted the redraft to North.
 
 
 4
 After reviewing Fox's redraft, North created a third version of the agreement, and did so himself. This version, which became the parties signed agreement, provided that:
 
 
 5
 Within five (5) business days after execution of this letter, Dr. North, shall provide Dr. Fox with a recent personal statement and with a copy of the most recent available year's tax returns, and any other reasonable related financial information as Dr. Fox may request. Within five (5) business days following receipt of said information, Dr. Fox shall either (1) direct his attorneys to prepare the necessary agreements and documents to evidence these transactions, confirming this direction to Dr. North, or (2) advise Dr. North in writing that Dr. Fox has elected not to proceed with these transactions.... It further provided that: Within seven business days from execution, Dr. North shall at his expense, have the opportunity and the right to have the real and personal property to be conveyed inspected, and shall, during this inspection period, have the same right as Dr. Fox to elect not to proceed with these transactions.
 
 
 6
 North delivered a letter to Fox within seven business days. The North letter stated, "[t]he financial risks to me are far too great to purchase this business without an examination of the financial records.... Therefore, I cannot proceed with settlement until my financial advisors and myself are given the opportunity to examine the financial records...."
 
 II.
 
 7
 Fox's argument, essentially, is that the terms of the agreement were ambiguous. Fox contends, the contract permits two plausible readings. First it may be read as allowing North unconditional withdrawal, the district court's interpretation. Second, the contract allows withdrawal only when premised on North's dissatisfaction with the personal and financial information provided by Fox. Fox, of course, favors the second construction of the contract. He argues that because of its ambiguity, the contract should have been interpreted by a trier of fact, rather than the district court.
 
 
 8
 There are three relevant standards for this issue. First, summary judgment will not lie if the dispute about a material fact is genuine. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Second, determining ambiguity is based upon a "prudent layman" standard. Truck Insurance Exchange v. Marks Rentals, Inc., 418 A.2d 1187. A contract is ambiguous if to a reasonably prudent layman the language is susceptible to more than one meaning. Id., 1190. Moreover, parol evidence is permitted to show the intention of the parties. Burroughs Corps. v. Ches. Pet. & Supply, 282 Md. 406, 411, 384 A.2d 734 (1978). Third, if there are disputed factual issues presented by the evidence bearing upon the ambiguity, construction of the contract is for the jury. Gov't Employees Insur. v. DeJames, 256 Md. 717, 261 A.2d 747 (1970).
 
 
 9
 Fox's argument falls flat. The contract is not ambiguous; thus, the dispute, in factual terms, was ripe for summary judgment. Fox's alleged ambiguity stems from his merging the five day election not to proceed clause with the seven day election not to proceed clause. The former clause conditions Dr. Fox's election not to proceed on receipt of information and limits the period of election to five days. The second clause provides Dr. North with seven days to elect not to proceed, without condition. Dr. North is promised the same option of not proceeding as Dr. Fox without the same time or information conditions. If the contract intended to convey to Dr. North an identical withdrawal option, it would not have prefaced the clause with a different time restriction, i.e., seven rather than five days. Accordingly, the district court properly construed the unambiguous terms of the contract.
 
 
 10
 Finally, based upon the record, North properly exercised his right to withdraw. Thus, Fox fails with respect to his last claim as well.
 
 III.
 
 11
 For the aforestated reasons the district court's grant of summary judgment to North is affirmed.
 
 
 12
 AFFIRMED.